IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2024

**IN RE DILMER S. M. ET AL**

**Appeal from the Juvenile Court for Shelby County
No. FF1629  Tarik B. Sugarmon, Judge**

_____

**No. W2024-00632-COA-R3-PT**

_____

JEFFREY USMAN, J., concurring.

The majority thoughtfully addresses the present appeal. I agree with the majority that the record establishes that Mother committed severe child abuse and that the termination of her parental rights is in the best interest of the children. I respectfully diverge from the majority insofar as the majority opinion suggests that the termination petition's *notice* — which specifically alleges severe abuse against the children that are named in the petition (which does not include Ervin Leonard) — extends to a finding of severe abuse by Mother of another child, Ervin Leonard. I concur in the majority's conclusion affirming the termination of Mother's parental rights based on harmless error.

Under Tennessee law, the court addressing the matter of termination, as well as the dependency and neglect court, is empowered to make a severe abuse finding. Tenn. Code Ann. § 36-1-113(g)(4) ("The parent or guardian has been found to have committed severe child abuse, as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against any child."). The trial court made such a finding in the termination case by finding that Ervin Leonard suffered severe abuse from Mother. However, the petition for termination specifically gave the parents notice that termination was being sought based on severe abuse "against the children named in this Petition," which, as noted above, does not include Ervin Leonard. Accordingly, relying on the trial court's finding at the termination hearing of abuse of Ervin Leonard raises an issue regarding whether Mother had proper notice that severe abuse was alleged as to her actions toward Ervin Leonard rather than her actions toward the children named in the petition. It is not clear that Mother has raised precisely this issue on appeal, but adhering to the Tennessee Supreme Court's charge to this court under its *Carrington* decision places the question before this court. *In re Carrington H.*, 483 S.W.3d 507, 525-26 (Tenn. 2016) ("[T]he Court of Appeals must review the trial court's findings as to each

ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal."); *see also*, *e.g.*, *In re Aniyah W.*, No. W2021-01369-COA-R3-PT, 2023 WL 2294084, at *6 (Tenn. Ct. App. Mar. 1, 2023) ("Thus, waiver does not apply in the context of either the grounds for termination or whether termination is in a child's best interest.").

Tracking the language in the dependency and neglect order, the petition for termination filed by DCS gave notice that it was seeking termination because "Respondents . . . have committed severe child abuse as defined by Tennessee Code Annotated section 37-1-102 *against the children named in this Petition* and therefore their parental rights should be terminated pursuant to section 36-1-113(g)(4)." (Emphasis added.) The termination petition explained that the juvenile court "*found the children to be the victims of severe child abuse* as defined by section 37-1-102, perpetrated by both parents, and with both parents knowingly failing to protect the children from abuse, in that a cousin . . . was found deceased in the home." (Emphasis added.)

In DCS's petition for dependency and neglect, it had requested that "[p]ursuant to section 37-1-129(b)(2), the Court must make a determination whether *any child subject to the petition* has been severely abused," reiterating later that the court should "determine whether or not the children are severely abused within the meaning of the law." (Emphasis added.) The dependency and neglect court found severe abuse as to the children at issue in the proceeding. The dependency and neglect order did detail the horrific abuse inflicted on Ervin Leonard, which resulted in his death, and it noted that one of the children, Dilmer, described seeing the abuse of Ervin Leonard and "disclosed that his father hit him as well." The court's finding was ultimately that "there is clear and convincing evidence that the children [sic] severely abused pursuant to Tenn. Code Ann. §37-1-102(b)(27) (a)(i) for the knowing exposure of a child to or the knowing failure to protect a child from abuse or neglect that is likely to cause serious bodily injury or death and the knowing use of force on a child that is likely to cause serious bodily injury or death based on the testimony from the Department, and the Exhibits entered by the Department." The court found that Mother and Father were the perpetrators of the abuse, and it reiterated in the order that "the children are severely abused by [Mother] and [Father]." The dependency and neglect court decision finding abuse of "the children" is res judicata and binding on Mother. *In re Heaven L.F.*, 311 S.W.3d 435, 439-40 (Tenn. Ct. App. 2010).

The trial court in the termination proceeding found repeatedly that it was the children's cousin, Ervin Leonard, who had been previously found to be the victim of severe abuse at the dependency and neglect hearing. The trial court found in addressing the termination case that "the Juvenile Court adjudicated the children dependent and neglected, wherein the Court found the children to be dependent and neglected and their dead cousin to be severely abused," and it later found that "[d]uring the children's dependency case, this Court found on October 13, 2021, that severe child abuse of Ervin

Leonard had been found by clear and convincing evidence with [Mother] and [Father] as the perpetrators of the abuse." The trial court hearing the termination case also found that Mother and Father "have committed severe child abuse against Ervin Leonard."

On appeal, Mother recites the findings in the dependency and neglect action, the wording of the termination petition, and the trial court's finding. She then states on appeal that "[t]he Order on Termination of Parental Rights and Final Decree of Guardianship incorrectly asserts that the dependency and neglect order finds severe abuse by Appellant against Ervin Leonard." Mother is correct in this assertion — the dependency and neglect order, though detailing abuse against Ervin Leonard, ultimately finds severe abuse was committed against the children.

Any error in the variance among the dependency and neglect order, the petition for termination, and the termination order is, in my view, ultimately harmless. There is a prior dependency and neglect order finding that Mother committed severe abuse against the children, and that matter is now res judicata. Tracking the language of that dependency and neglect order, DCS gave notice that termination was sought based on severe abuse committed against the children named in the petition. The severe abuse ground in the present case does not need to depend on a factual finding by the trial court in the termination case, which raises in my view a notice concern, but may rest instead on a prior court order which is in the record and which constitutes res judicata. Tenn. Code Ann. § 36-1-113(g)(4) ("The parent or guardian has been found to have committed severe child abuse, as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against any child."). Accordingly, any error by the termination petition court in stating that the prior dependency and neglect finding was severe abuse against Ervin Leonard and not against the children, as alleged in the termination petition, would be harmless error. *See* Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process."). Therefore, I concur.


s/ Jeffrey Usman
JEFFREY USMAN, JUDGE

- 3 -